UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

AMANDA MEDNICK,

                    Plaintiff

-against-

                      :  **COMPLAINT**
                      :  **AND JURY DEMAND**
                      :
                      :  No.

THE CITY OF NEW YORK, and
POLICE OFFICER JEFFREY SISCO of the
NEW YORK CITY POLICE DEPARTMENT,

                Defendant(s),  :

---------------------------------------------x



## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER JEFFREY SISCO of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment and assault and battery of AMANDA MEDNICK.

2.     On January 26, 2012, POLICE OFFICER JEFFREY SISCO of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, as well as assault and battery for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     The Plaintiff, AMANDA MEDNICK, through her attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.      This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly Bronx County.

## PARTIES

7.      Plaintiff at all times relevant hereto resided in the City and State of New York, County of Bronx.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.      The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, and on information and belief, the defendant POLICE OFFICER JEFFREY SISCO and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances,

2

regulations, policies, customs and usages of the City of New York and the State of New York.

  12. That at all times hereinafter mentioned, and upon information and belief, the individual defendant is named herein both personally and in his official representative capacity as a police officer employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendant alleged herein were done by the individual defendant and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of his authority as a police officer and employee of defendant, THE CITY OF NEW YORK.

  13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

  14. On January 26, 2012, at approximately 6:30 a.m. plaintiff was sleeping in her parents' home located 2074 Arthur Avenue, Apartment 5E, Bronx, NY when the POLICE OFFICER JEFFREY SISCO, and other members of the NYPD, broke the door to the entrance of the apartment and entered the apartment.

  15. Plaintiff, along with her brother mother and father were handcuffed by POLICE OFFICER JEFFREY SISCO and other members of the NYPD.

  16. Plaintiff was placed against a wall after which POLICE OFFICER JEFFREY SISCO proceeded to search plaintiff by placing his hands on her back as well as on her inner thighs and her buttocks.

  17. When plaintiff told POLICE OFFICER JEFFREY SISCO that a female police officer should be searching her, not a male police officer POLICE OFFICER JEFFREY SISCO told her that there was no time to get a female police officer and he continued to search plaintiff.

18.     As a result of being handcuffed plaintiff received bruising to both of her wrists.

19.     When plaintiff asked POLICE OFFICER JEFFREY SISCO to loosen the handcuffs he refused her request.

20.     Plaintiff was taken to the 48th precinct where she remained in custody for approximately 8 hours.

21.     Although plaintiff was unaware of any criminal activity at the apartment where she was arrested she was charged with Penal Law § 220.03 (Criminal Possession of a Controlled Substance in the Seventh Degree).

22.     Prior to being allowed to leave the precinct plaintiff was given a Desk Appearance Ticket that required her to appear in Bronx County Criminal Court on May 25, 2012.

23.     When plaintiff appeared in Bronx Criminal Court on May 25, 2012 the case against her was dismissed at her arraignment.

24.     Plaintiff suffered emotional distress, including nightmares, because of her arrest and detention.

25.     Plaintiff, who had never been arrested, was humiliated as a result of this arrest.

26.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

27.     The plaintiff remained in custody for approximately 8 hours.

28.     Defendants acted maliciously and intentionally.

29.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty.


## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

30.     Paragraphs 1 through 29 are herein incorporated by reference.

31.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

32.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

33.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

<u>SECOND CLAIM FOR RELIEF</u>
(MUNICIPAL LIABILTY)

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

36.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

37.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and

made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

38.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

39.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

40.     Defendants subjected plaintiff to false arrest and false imprisonment.

41.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

42.     Paragraphs 1 through 41 are incorporated herein by reference.

43.     Defendant POLICE OFFICER JEFFREY SISCO arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

44.     That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

45.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.


### FOURTH CLAIM FOR RELIEF
(FOURTEENTH AMENDMENT)

46.     Paragraphs 1 through 45 are incorporated herein by reference.

47.     Defendants POLICE OFFICER JEFFREY SISCO illegally arrested plaintiff subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

48.     That as a result of the foregoing, the plaintiff has been deprived of her following rights, privileges and immunities secured to her by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

49.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

8

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       January 21, 2015

FINK & KATZ, PLLC

By:   _____
      Jonathan A. Fink
      One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 689-1710